UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DOUGLAS GONCALVES SANTOS and JADERSON GONCALVES DA SILVA, | * * * * | |
| Plaintiffs, | * * | |
| v. | * * | Civil Action No. 1:25-cv-11674-ADB |
| CAPITAL POWER AND LIGHTING, LLC, and KEVIN ISABELLE, | * * * * | |
| Defendants. | * * | |

# **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Plaintiffs Douglas Goncalves Santos and Jaderson Goncalves Da Silva ("Plaintiffs") have sued Defendants Capital Power and Lighting, LLC ("Capital Power") and Kevin Isabelle ("Isabelle," collectively, "Defendants") for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), Massachusetts Wage Act, Mass. Gen. Laws ch. 149, § 148 et seq. ("Wage Act"), and the Massachusetts Fair Minimum Wage Law, Mass. Gen. Laws ch. 151, § 1 ("FMWL"), [ECF No. 1 ("Complaint" or "Compl.")]. Currently before the Court is Plaintiffs' amended motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b), in which they seek judgment in the amount of $59,651.18. [ECF No. 25]. For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.    BACKGROUND

    A.    **Factual Background**

The following facts are drawn from the Complaint. By defaulting, Defendants are "taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability." Sec. & Exch. Comm'n v. Tropikgadget FZE., 146 F. Supp. 3d 270, 275 (D. Mass. 2015) (quoting In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002)). Defendants employed Plaintiffs as electricians from December 2024 to March 2025. [Compl. ¶¶ 2–3, 20–21]. Defendants' business involved "goods . . . transported across state lines specifically for Defendants to use in their business operations" and "Defendants . . . routinely conducted business across state lines."[1] [Id. ¶ 14]. Plaintiffs earned "approximately $28 per hour," [id. ¶ 20], and "routinely worked between 50 to 60 hours per week," [id. ¶ 21]. Because Defendants failed to pay the correct overtime premium of $42 per hour, Plaintiffs were not properly compensated for any hours worked in excess of 40 hours a week, [id. ¶ 23], and, by March 2025, Defendants had failed to pay Plaintiffs any compensation for at least six weeks of work, [id. ¶ 22].

    B.    **Procedural History**

Plaintiffs brought this suit on June 9, 2025, [Compl.], and served both defendants, [ECF Nos. 4, 9]. Defendants have not answered Plaintiffs' Complaint or appeared, pleaded, or defended the action. Plaintiffs requested entry of default as to Isabelle on July 14, 2025, [ECF No. 5], and as to Capital Power on August 14, 2025, [ECF No. 11]. Default was entered as to

---

[1] Plaintiffs are Massachusetts residents and were employed in Massachusetts, but Capital Power & Lighting is based in New Hampshire. [Compl. ¶¶ 2–5].

2

Isabelle on July 15, 2025, [ECF No. 6], and as to Capital Power on August 15, 2025, [ECF No. 12]. Plaintiffs filed a motion for default judgment with accompanying affidavit and attachment on August 18, 2025. [ECF Nos. 15, 16]. On September 22, 2025, the Court noted that it was unable to rule on the motion because the amount of damages was not ascertainable from the Complaint or motion papers, and ordered Plaintiffs to file a renewed motion. [ECF No. 19]. On November 21, 2025, Plaintiffs filed an amended motion for default judgment, seeking judgment in the amount of $59,651.18. [ECF No. 25 at 3].

## II.  DISCUSSION

The Complaint asserts five claims: an FLSA claim for failure to pay minimum wage (Count I); an FLSA claim for failure to pay overtime (Count II); a Wage Act claim for non-payment of wages (Count III); an FMWL claim for failure to pay overtime wages (Count IV); and an FMWL claim for failure to pay wages (Count V). [Compl. at 8–10].

### A.  FLSA Claims (Counts I, II)

To prevail on an FLSA claim, Plaintiffs must establish that they were (1) "employed by the defendants;" (2) "the work involved interstate activity;" and (3) "plaintiffs performed work for which they were under-compensated." Manning v. Bos. Med. Ctr. Corp., 725 F.3d 34, 43 (1st Cir. 2013) (internal quotations omitted). Moreover, on a claim for unpaid overtime wages, Plaintiffs must also "demonstrate that [they] were employed 'for a workweek longer than forty hours' and that any hours worked in excess of forty per week were not compensated 'at a rate not less than one and one-half times the regular rate.'" Id. (quoting 29 U.S.C. § 207(a)(1)).

Here, Plaintiffs have established that they were employed by Defendants as electricians, [Compl. ¶¶ 20–21]; see 29 U.S.C. § 203(g) ("'Employ' includes to suffer or permit to work"), and that the work involved interstate activity, see [Compl. ¶¶ 2–5, 14]. Plaintiffs were

3

undercompensated in that they did not receive any wages for the last six weeks of their employment, meaning that they were paid less than the federal minimum wage under 29 U.S.C. § 206(a)(1).  [Compl. ¶¶ 22, 39].  Similarly, under 29 U.S.C. § 207, Plaintiffs worked between 50 to 60 hours a week and did not receive compensation at a rate of one and one-half times their regular rate for hours exceeding the forty hours per week.  [Compl. ¶¶ 20–23, 40].  Thus, Plaintiffs are entitled to default judgment on their FLSA claims.

        B.        **Wage Act and FMWL Claims (Counts III, IV, V)**

To prevail on a claim for unpaid wages under the Massachusetts Wage Act, a plaintiff must prove "(1) the plaintiff was an employee [of defendant-employer] under the Wage Act; (2) the compensation constitutes wages pursuant to Act; and (3) the defendant[s] violated the Wage Act by not paying the wages owed in a timely manner." Austin v. Ken's Foods, Inc., 772 F. Supp. 3d 163, 175 (D. Mass. 2025).  Plaintiffs have established that they were employees of Defendants and that their compensation constitutes wages. See [Compl. ¶¶ 7–8, 20–21].  Under the Wage Act, Defendants were required to pay Plaintiffs "within six days of the termination of the pay period during which the wages were earned," Mass. Gen. Laws ch. 149, § 148, but they did not do so, [Compl. ¶¶ 20–23].  Accordingly, Plaintiffs are entitled to default judgment on Count III.

Moreover, under the FMWL, "[a] wage of less than $15.00 per hour, in any occupation . . . shall conclusively be presumed to be oppressive and unreasonable."  Mass. Gen. Laws ch. 151, § 1.  The statute further states that employers may not employ any of their employees for more than forty hours per week "unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed."  Id. § 1A.  Here, Plaintiffs received "unreasonable" wages

4

because Plaintiffs were not compensated for at least six weeks of work and were not paid at the "one and one half times" rate for hours worked over the 40 hours per week. [Compl. ¶¶ 20–23]. Accordingly, Plaintiffs are entitled to default judgment on Counts IV and V.

**C.     Damages**

An entry of default establishes liability, but "it does not establish the amount of damages owed to the plaintiff for purposes of a default judgment." Groden v. Epstein, No. 24-cv-10303, 2024 WL 4519724, at *3 (D. Mass. Oct. 17, 2024). Under Fed. R. Civ. P. 55(b)(2), the Court "may conduct hearings or make referrals . . . to . . . determine the amount of damages," but it is not required to do so where the facts alleged, together with affidavits submitted by the moving party, adequately establish the amount of the default judgment. See In re The Home Rests., 285 F.3d at 114–15 (upholding entry of default judgment without a hearing, where there was "no uncertainty about the amounts at issue," the pleadings contained "specific dollar figures," and the court requested and received affidavits in support of the default judgment).

Here, Plaintiffs seek default judgment in the amount of $59,651.18, with the following components: (i) $39,186.00 in damages, (ii) $12,245.00 in attorney's fees, (iii) $837.43 in costs, and (iv) $2,789.96 in prejudgment interest.[2] [ECF No. 25 at 3]. The request for damages is supported by declarations from Plaintiffs, [id. at 21–24], attachments showing the number of hours Plaintiffs worked, [id. at 17–20], and a timesheet detailing the tasks Plaintiffs' counsel performed and listing costs incurred, [id. at 11–13].

---

[2] Plaintiffs' math does not add up: the sum of the individual amounts they seek is $55,058.39, not $59,651.18. [ECF No. 25 at 3].

The Court finds that the affidavits and supporting materials submitted with Plaintiffs' motion for default judgment adequately support the (treble) damages sought by Plaintiffs. See Carroca v. All Star Enters. & Collision Ctr., Inc., No. 12-cv-11202, 2013 WL 3496537, at *4 (D. Mass. July 10, 2013) (explaining that when plaintiffs seek to recover under both the FLSA and the Wage Act "the Court awards the greater of the liquidated damages provisions"). The Court also finds, upon review of the documentation submitted, that Plaintiffs' request for attorney's fees and costs is largely reasonable.[3] See Mass. Gen. Laws ch. 149, § 150 (noting that employee who prevails in Wage Act action "shall . . . be awarded the costs of the litigation and reasonable attorneys' fees"). Finally, the prejudgment interest sought by Plaintiffs, of twelve percent on the (pre-trebling) amount of lost wages, comports with Massachusetts law.[4] Mass. Gen. Laws ch.

---

[3] Plaintiffs' initial motion for default judgment lacked basic information necessary for the Court to ascertain the amount of damages, as the Court explained in its order denying that motion. [ECF No. 19]. The amended motion and accompanying materials sufficiently cure these defects for the Court to ascertain the amount of damages without a hearing, but they, too, reflect a real lack of care, containing basic mathematical errors, e.g., [ECF No. 25 at 3 (providing incorrect total for proposed judgment)], unexplained inconsistencies, e.g., [id. at 19 (referring to Plaintiff Douglas Goncalves Santos as "Douglas Goncalves Costa")], and omissions, [id. at 21–24 (referring to exhibits not attached to motion)]. These issues are particularly troubling in the context of a default-judgment motion, where Plaintiffs' counsel effectively acts ex parte, and they have unnecessarily required the Court to expend additional resources. Accordingly, the Court finds that it is not reasonable to award Plaintiffs attorney's fees incurred for the 8.3 hours of work performed after the Court's order denying the initial motion, and the Court will award $8,966.50 in attorney's fees, not $12,245. Counsel for Plaintiffs is admonished to be more careful in the future.

[4] Plaintiffs' calculation of prejudgment interest is incorrect. Plaintiffs' claimed pre-trebling damages are $13,062. See [ECF No. 25 at 18, 20]. Applying to this figure the statutory rate of twelve percent per annum from the commencement of the action (June 9, 2025) to the date of the renewed motion for default judgment (November 21, 2025) yields $708.57 in prejudgment interest, not $2,789.96, which is the amount Plaintiffs request, [id. at 3]. The Court will award $949.05 in prejudgment interest on Plaintiffs' pre-trebling damages for the period from the commencement of the action to the date of this order, when final judgment is entered. See Tobin v. Liberty Mut. Ins. Co., 553 F.3d 121, 147 (1st Cir. 2009).

231, §§ 6C, 6H; see also George v. Nat'l Water Main Cleaning Co., 77 N.E.3d 858, 864–66 (Mass. 2017).  Accordingly, the Court will enter judgment in the amount of $49,948.98, consisting of (i) $39,186.00 in damages, (ii) $8,966.50 in attorney's fees, (iii) $837.43 in costs, and (iv) $949.05 in prejudgment interest.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs' amended motion for default judgment, [ECF No. 25], is **GRANTED IN PART** and **DENIED IN PART**.  Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court enters judgment in Plaintiffs' favor against Defendants in the amount of $49,948.98, with interest as provided by law.

**SO ORDERED.**

January 16, 2026                                         */s/ Allison D. Burroughs*
                                                          ALLISON D. BURROUGHS
                                                          U.S. DISTRICT JUDGE